Sergey Yeletskiy                        :
        Plaintiff               :
                              :
        V.                     :
                              : No.
Joshua A. Miller, individually and in his  : Civil Action
Official capacity as a police officer for   :
Bushkill Township Police Department, and  :
Michael McLouth, individually and in his  :
Official capacity as Chief of Police for   :
Bushkill Township Police Department, and  :
Bushkill Township Police Department, and  :
Northampton County d/b/a Northampton   :
County DUI a/k/a Easton DUI, and Moore  :
Township d/b/a Moore Township Police   :
Department, and Gary West, individually  :
And as Chief of Police for Moore Township :
Police Department                  :
        Defendants           :

## **NOTICE OF REMOVAL**

Defendants Joshua A. Miller, Michael McLouth, and Bushkill Township Police

Department hereby remove this case from the Northampton County Court of Common Pleas:

1. On August 23, 2018, Plaintiff filed a writ of summons in the state court. (Ex. A).

2. On January 31, 2019, Plaintiff filed his complaint in the state court. (Ex. B).

3. The complaint was served on Defendant Joshua A. Miller on February 25, 2019. All

   other Defendants were served with the complaint on February 18, 2019.

4. The complaint alleges violations of Plaintiff's Fourth, Eighth, and Fourteenth

   Amendment rights. (Ex. B).

5. Removal is appropriate based on the federal constitutional violations alleged by Plaintiff.

6. Federal courts have jurisdiction over claims that arise under federal laws generally, 28 U.S.C. §1331, and more specifically over claims asserting violations of the U.S. Constitution. 28 U.S.C. §1343.

7. Accordingly, this Court has removal jurisdiction because Plaintiff raises a federal question generally, 28 U.S.C. §1441(a), and civil rights questions more specifically. 28 U.S.C. §1443.

8. Furthermore, counsel for co-defendants Northampton County, Northampton County DUI, Moore Township, Moore Township Police Department, and Gary West concur in the removal of this case.

9. Pursuant to 28 U.S.C. §1446(d), removing Defendants will contemporaneously serve a copy of this Notice of Removal on Plaintiff and file this Notice in the Northampton County Court of Common Pleas.

10. Venue is proper because Defendants reside in this District and the events giving rise to this action took place within this District. 28 U.S.C.A. §1391(b).

Respectfully submitted,

**Lavery Law**

_____
Frank J. Lavery, Jr., Esquire
Pennsylvania Bar No. 42370
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
flavery@laverylaw.com
*Attorney for Defendants Miller, McLouth,
and Bushkill Township Police Dept.*

Date: March 18, 2019

## CERTIFICATE OF SERVICE

I, Katy Reilly, an employee of Lavery Law, do hereby certify that on this ___18th___ day of March, 2019, I served a true and correct copy of the foregoing Notice of Removal via U.S. First Class Mail, postage prepaid, addressed as follows:

Matthew B. Weisberg, Esquire
Weisberg Law, P.C.
7 South Morton Avenue
Morton, PA 19070
*Attorney for Plaintiff*

Gary Schafkopf, Esquire
Schafkopf Law, LLC
11 Bala Avenue
Bala Cynwyd, PA 19004
*Attorney for Plaintiff*

David J. MacMain, Esquire
The MacMain Law Group, LLC
433 West Market Street, Suite 200
West Chester, PA 19382
*Attorney for Northampton County d/b/a Northampton County DUI a/k/a Easton DUI*

Patrick J. Boland, II, Esquire
Marshall Dennehey Warner Coleman & Goggin
50 Glenmaura National Boulevard
Moosic, PA 18507
*Attorney for Moore Township d/b/a Moore Township Police Department and Gary West*

Katy Reilly, Legal Assistant to
Frank J. Lavery, Jr., Esquire



# EXHIBIT A

WEISBERG LAW
Matthew B. Weisberg, Attorney ID No.: 85570
7 South Morton Ave.
Morton, PA
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

SCHAFKOPF LAW, LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
**Attorney for Plaintiff**

| | |
|---|---|
| **SERGEY YELETSKY**<br>206 Monocacy Drive<br>Bath, Pa 18014<br><br>Plaintiff,<br><br>v.<br><br>**OFFICER JOSHUA A. MILLER**<br>Individually and in his official capacity as a<br>police officer for the Bushkill Township<br>Police Department<br>114 Bushkill Center Road<br>Nazareth, PA 18064<br><br>and<br><br>**CHIEF OF POLICE MICHAEL**<br>**MCLOUTH**<br>Individually and in his official capacity as<br>the Chief of Police for the Bushkill<br>Township Police Department<br>114 Bushkill Center Road<br>Nazareth, PA 18064<br><br>and<br><br>**BUSHKILL TOWNSHIP POLICE**<br>**DEPARTMENT**<br>114 Bushkill Center Road<br>Nazareth, PA 18064<br><br>and<br><br>**NORTHAMPTON COUNTY**<br>669 Washington Street<br>Easton, PA 18042<br><br>and | NORTHAMPTON COUNTY COURT OF<br>COMMON PLEAS<br><br>TERM,<br><br>NO. CU8. CU.2018. 7860<br><br> |

**NORTHAMPTON COUNTY DUI A/K/A
EASTON DUI**
105 S. Union St # 3
Easton, PA 18042

and

**MOORE TOWNSHIP**
2491 Community Drive
Bath, PA 18064

and

**MOORE TOWNSHIP POLICE
DEPARTMENT**
2491 Community Drive
Bath, PA 18014

and

**CHIEF OF POLICE GARY WEST**
Individually and in his official capacity as
the Chief of Police for the Moore Township
Police Department
2491 Community Drive
Bath, PA 18014

t

Defendants

## PRAECIPE TO ISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

Kindly issue a writ of summons in the above-captioned matter.

Respectfully Submitted,

WEISBERG LAW

BY: /s/ Matthew B. Weisberg
MATTHEW B. WEISBERG, ESQ

DATED: 8-22-18

SCHAFKOPF LAW, LLC

BY: Gary Schafkopf
GARY SCHAFKOPF, ESQ.

DATED: 8-22-18

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL DIVISION

*Cp, P*

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF NORTHAMPTON

SERGEY YELETSKY

                Plaintiff(s)

vs                   No.   C-0048-CV-2018-07860

OFFICER JOSHUA A. MILLER; CHIEF OF POLICE MICHAEL
MCLOUTH; BUSHKILL TOWNSHIP POLICE DEPARTMENT;
NORTHAMPTON COUNTY; NORTHAMPTON COUNTY DUI A/K/A
EASTON DUI; MOORE TOWNSHIP; MOORE TOWNSHIP POLICE
DEPARTMENT; AND CHIEF OF POLICE GARY WEST
                Defendant(s)

CIVIL ACTION - LAW
JURY TRIAL DEMANDED

## WRIT OF SUMMONS

TO:   OFFICER JOSHUA A. MILLER; CHIEF OF POLICE MICHAEL MCLOUTH; BUSHKILL TOWNSHIP POLICE
DEPARTMENT; NORTHAMPTON COUNTY; NORTHAMPTON COUNTY DUI A/K/A EASTON DUI; MOORE
TOWNSHIP; MOORE TOWNSHIP POLICE DEPARTMENT; AND CHIEF OF POLICE GARY WEST

You are notified that   SERGEY YELETSKY

                               (Name(s) of Plaintiff(s)

has (have) commenced an action against you.

Date   AUGUST 23, 2018                     Holly Ruggiero
                                       Prothonotary

                              By   *Carolyn Miller*
                                    Deputy

Attorney Name:  MATTHEW WEISBERG, ESQ   GARY SCHAFKOPF, ESQ

Address:        7 SOUTH MORTON AVE      11 BALA AVE

               MORTON, PA 19070       BALA CYNWYD, PA 19004

                                                          A TRUE COPY
Telephone No.   (610) 690-0801       (610) 664-5200          ATTEST:
Attorney for Plaintiff(s)

                                                      HOLLY RUGGIERO
                                                      CLERK OF COURT
                                                       CIVIL/PROTHONOTARY

                                                   *Holly Ruggiero*

# EXHIBIT B

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
Northampton _____ County



For Prothonotary Use Only
Docket No.:

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- ☐ Complaint  ☒ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name: Sergey Yeletskiy | Lead Defendant's Name: Officer Joshua A. Miller |
|---|---|

| Are money damages requested? ☒ Yes  ☐ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits ☒ outside arbitration limits |
|---|---|---|

| Is this a *Class Action Suit?* ☐ Yes  ☐ No | Is this an *MDJ Appeal?* ☐ Yes  ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: Gary Schafkopf

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Name of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your PRIMARY CASE. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☒ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:
  _____
  _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:
  _____
  _____

**PROFESSIONAL LIABILITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:
  _____
  _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
  _____
- ☐ Other:
  _____
  _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:
  _____

**CIVIL APPEALS**

Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
- ☐ Zoning Board
- ☐ Other:
  _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:
  _____

WEISBERG LAW
Matthew B. Weisberg, Attorney ID No.: 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
Attorney for Plaintiff

SCHAFKOPF LAW, LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334
Attorney for Plaintiff

| | |
|---|---|
| **SERGEY YELETSKIY**<br>206 Monocacy Drive<br>Bath, PA 18014<br>　　　　　Plaintiff<br><br>　　　　v.<br><br>**JOSHUA A. MILLER**, individually and in his official capacity as a police officer for Bushkill Township Police Department<br>114 Bushkill Center Rd<br>Nazareth, PA 18064<br><br>and<br><br>**MICHAEL MCLOUTH**, individually and in his official capacity as Chief of Police for Bushkill Township Police Department<br>114 Bushkill Center Rd<br>Nazareth, PA 18064<br><br>and<br><br>**BUSHKILL TOWNSHIP POLICE DEPARTMENT**<br>114 Bushkill Center Rd<br>Nazareth, PA 18064<br><br>and<br><br>**NORTHAMPTON COUNTY d/b/a NORTHAMPTON COUNTY DUI a/k/a EASTON DUI**<br>105 South Union Street #3<br>Easton, PA 18042<br><br>and<br><br>**MOORE TOWNSHIP d/b/a MOORE TOWNSHIP POLICE DEPARTMENT** | NORTHAMPTON COUNTY COURT OF COMMON PLEAS<br><br>No. C48-V-2018-7860<br><br><br>JURY TRIAL DEMANDED |

2491 Community Drive
Bath, PA 18014

**and**

**GARY WEST,** individually and as Chief of
Police for Moore Township Police
Department
2491 Community Drive
Bath, PA 18014

           Defendants.

## NOTICE TO DEFEND

| **NOTICE** | *AVISO* |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMATION ACERCA DE EMPLEAR A UN ABOGADO. |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN |

| Northampton County Bar Association | UN HONORARIO REDUCIDO NI NINGUN |
|---|---|
| 155 S 9th Street | HONORARIO. |
| Easton, PA 18042 | Northampton County Bar Association |
| 610-258-6333 | 155 S 9th Street |
| | Easton, PA 18042 |
| | 610-258-633 |

WEISBERG LAW
Matthew B. Weisberg, Attorney ID No.: 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
Attorney for Plaintiff

SCHAFKOPF LAW, LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334
Attorney for Plaintiff

| | |
|---|---|
| **SERGEY YELETSKIY**<br>206 Monocacy Drive<br>Bath, PA 18014<br> Plaintiff v. <br>**JOSHUA A. MILLER**, individually and in his official capacity as a police officer for Bushkill Township Police Department<br>114 Bushkill Center Rd<br>Nazareth, PA 18064<br><br>and<br><br>**MICHAEL MCLOUTH**, individually and in his official capacity as Chief of Police for Bushkill Township Police Department<br>114 Bushkill Center Rd<br>Nazareth, PA 18064<br><br>and<br><br>**BUSHKILL TOWNSHIP POLICE DEPARTMENT**<br>114 Bushkill Center Rd<br>Nazareth, PA 18064<br><br>and<br><br>**NORTHAMPTON COUNTY d/b/a NORTHAMPTON COUNTY DUI a/k/a EASTON DUI**<br>105 South Union Street #3<br>Easton, PA 18042<br><br>and<br><br>**MOORE TOWNSHIP d/b/a MOORE TOWNSHIP POLICE DEPARTMENT** | NORTHAMPTON COUNTY COURT OF COMMON PLEAS<br><br>No. C48-V-2018-7860<br><br>JURY TRIAL OF TWELEVE (12) JURORS DEMANDED |

2491 Community Drive
Bath, PA 18014

and

**GARY WEST,** individually and as Chief of
Police for Moore Township Police
Department
2491 Community Drive
Bath, PA 18014

          Defendants.

## CIVIL ACTION COMPLAINT

## PARTIES, JURISDICTION and VENUE

1. Plaintiff, Sergey Yeletskiy, is an adult individual residing at the above captioned address.

2. Defendant, Officer Joshua A. Miller, who at all times material herein was employed as an officer for the Bushkill Police Department is used both individually and in his official capacity.

3. Defendant, Michael Melouth, who at all times material herein was employed as Chief of Police for the Bushkill Police Department is used both individually and in his official capacity.

4. Bushkill Township Police Department is the duly established law enforcement agency of Bushkill Township, located or having a principal place of operation at the above captioned address.

5. Defendant, Northampton County doing business as Northampton DUI also known and Easton DUI, is a municipality duly organized and existing under the laws of the Commonwealth of Pennsylvania. Defendant, Northampton County DUI also known As Easton DUI, is a division of the Northampton County Court of Common Pleas charged with assessing potential candidates for ARD, a probationary program for first time DUI offenders.

6. Defendant, Moore Township, doing business as Moore Township Police Department is a duly established law enforcement agency of Moore Township, located or having a principal place of operation at the above captioned address.

7. Defendant, Gary West, who at all times material herein was employed as Chief of Police for the Moore Township Police Department is used both individually and in his official capacity.

8. This matter arises from the unlawful arrest of Plaintiff.

9. Jurisdiction and venue are therefore proper in Northampton County.

## OPERATIVE FACTS

10. On or about August 27, 2016, plaintiff, Sergey Yeletskiy, was at the residence of his wife, Kerry Yeletskiy, from whom he was legally separated but maintained an amicable relationship.

11. Sergey Yeletskiy subsequently prepared an evening dinner for Kerry Yeletskiy, her boyfriend (in attendance) Joshua Gaycheck, and for himself.

12. During this meal, Gaycheck engaged in heavy consumption of alcohol, became belligerent, and subsequently brandished a weapon while berating Sergey Yeletskiy.

13. Gaycheck additionally instigated a physical confrontation in the residence with the Sergey Yeletskiy.

14. Sergey Yeletskiy left the premises to his other home in New York.

15. A former or active Pennsylvania state constable Gaycheck, declared that he was going to contact the police, falsify a report and get Sergey Yeletskiy arrested.

16. Gaycheck then got into his own vehicle and began to follow Sergey Yeletskiy.

17. Within a relatively short period of time the office Joshua Miller of the Bushkill Township police, predicated upon contact from Gaycheck pulled Sergey Yeletskiy's vehicle over to the side of the road.

18. The Moore Township police also arrived and were additionally present at the said stop of the Yeletsky's vehicle.

19. Kerry Yeletskiy was called to the scene and promptly arrived at the location of the stop.

20. Kerry Yeletskiy was informed that Gaycheck had called in a report that Sergey Yeletskiy was intoxicated, had beaten Kerry Yeletskiy, and had additionally harmed her dog.

21. Kerry Yeletskiy explained that this report was completely untrue; the Bushkill police examined Kerry Yeletskiy and found no evidence of a physical confrontation.

22. The Moore Township Police additionally examined the dog owned by Kerry Yeletskiy and agreed it had not been beaten either.

23. Kerry Yeletskiy additionally informed the police that Sergey Yeletskiy had not been drinking to excess and was not intoxicated.

24. While Kerry Yeletskiy waited by the side of the road to determine next steps of the Police, she overheard the Bushkill and Moore Township Police exchanging jokes to the effect that Sergey Yeletskiy was a "f**king Russian."

25. Kerry Yeletskiy requested of the Moore Township Police officers that she be allowed to take Sergey Yeletskiy home (since the report and potential charges were false).

26. A Moore township officer responded that since the Bushkill Township Police had "stolen their DUI suspect," they had no further say in the matter.

27. Kerry Yeletskiy next drove home where she encountered Gaycheck standing and laughing with Moore Township Police officers.

28. Sergey Yeletskiy was taken to the Northampton DUI Center and placed in a room.

29. While in custody Yeletskiy was told to sign a piece of paper.

30. Sergey Yeletskiy advised he was not sure what they were requesting he sign and asked for a lawyer and a Russian Translator before signing the paper.

31. The officer refused Yeletskiy's request and picked him up to take him out of the room and smashed Sergey Yeletskiy's head into a door.

32. Sergey Yeletskiy was subsequently released and returned home.

33. Sergey Yeletskiy had a large contusion on his head and deep lacerations to his wrists.

34. Sergey Yeletskiy was transported to the Lehigh Valley Hospital Center and was diagnosed with a concussion.

35. Since the time of these injuries inflicted by the Defendants', Sergey Yeletskiy has suffered constant headaches, frequent dizzy spells, and recurring bouts of depression.

36. Subsequently, Sergey Yeletskiy's DUI charge was expunged.

37. As a direct and proximate result of Defendants' misconduct, Sergey Yeletskiy suffered physical injury, significant financial loss and severe emotional distress.

**COUNT I**
**MALICIOUS PROSECUTION/FALSE ARREST AND WRONGFUL IMPRISONMENT**

38. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

39. At the time of Defendants' investigation, arrest, charges, and imprisonment, Plaintiff had not committed any infraction giving rise to the probable cause/reasonable suspicion and/or to legally justify the incarceration and charges.

40. Defendants' actions stated above, *inter alia*, were committed under the color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and

other legal rights.

41. Defendants caused Plaintiff to suffer a malicious prosecution by their wrongful conduct in subjecting Plaintiff to false criminal charges, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and State law.

42. Defendants instituted criminal action against Plaintiff by way of failing to properly investigate the alleged obstructing administration of law/government function.

43. Plaintiff, Sergey Yeletsky, was seized at the time he was arrested. Defendants did not have probable cause nor any cause to arrest, charge, and/or accuse Plaintiff of the criminal acts.

44. Defendants arrested and falsely imprisoned Plaintiff, Sergey Yeletsky, without probable cause nor any cause denying him due process.

45. To perpetuate its misconduct, Defendants, clothed themselves with color of state authority.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

     a. Statutory Damages;

     b. Punitive Damages;

     c. Compensatory Damages, including:

          i. Actual Damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, and emotional distress; and

d. Attorneys' fees and expenses, costs of suit, and equitable relief.

## COUNT II
## EXCESSIVE FORCE/ASSAULT AND BATTERY

46. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

47. At the time of Defendants' conduct, Plaintiff had not committed any infraction otherwise to legally justify the force used by Defendants.

48. Defendants' actions stated above, inter alia, were committed under color of state law and were violations of Plaintiff's clearly established and well settled Constitutional and other legal rights.

49. Defendants placed Plaintiff in fear of physical harm and contact and then physically harmed and contacted Plaintiff without justification. Plaintiff suffered excessive force by their wrongful conduct all in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and at Common Law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

        a. Statutory Damages;

        b. Punitive Damages;

        c. Compensatory Damages, including:

                i. Actual Damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, and emotional distress;

and

    d. Attorneys' fees and expenses, costs of suit, and equitable relief.

## COUNT II
### Monell

50. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

51. Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiff's constitutional and other rights. Specifically, Defendant's imprisoned based on falsified document, use excessive force, and deny his freedom, including by a failure to investigate properly.

52. The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of incarcerated citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

53. Plaintiff suffered harm due to Defendants' conduct.

    WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a. Statutory Damages;

    b. Punitive Damages;

    c. Compensatory Damages, including:

        i. Actual Damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, and emotional distress;

and

d. Attorneys' fees and expenses, costs of suit, and equitable relief.

Respectfully Submitted,

WEISBERG LAW

*/s/: Matthew Weisberg*
Matthew Weisberg, Esquire
Attorney for Plaintiff
DATED: *1-30-19*

SCHAFKOPF LAW, LLC

Gary Schafkopf, Esquire
Attorney for Plaintiff
DATED: *1-30-19*

## VERIFICATION

I, Sergey Yeletskiy state that I am the Plaintiff in this action and that the foregoing is true and correct to the best of my knowledge, information and belief. I understand that the statements made in the foregoing Complaint are made subject to the penalties of 18 Pa.C.S. 4904 related to unsworn falsification to authorities.

Dated: 01/30/2019

Sergey Yeletskiy