IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Sergey Yeletskiy, | : | 5:19-cv-1328 |
| Plaintiff | : | |
| v. | : | |
| Joshua Miller, individually and in his | : | |
| official capacity as a police officer for | : | |
| Bushkill Township Police Department; | : | Civil Action |
| Michael McLouth, individually and in his | : | |
| official capacity as Chief of Police for | : | Jury Trial Demanded |
| Bushkill Township Police Department; | : | |
| Bushkill Township Police Department; | : | |
| Northampton County d/b/a Northampton | : | |
| County DUI a/k/a Easton DUI; Moore | : | |
| Township d/b/a Moore Township Police | : | |
| Department; and Gary West, individually | : | |
| and as Chief of Police for Moore Township | : | |
| Police Department, | : | |
| Defendants | : | |

## <u>Motion to Dismiss by</u><br><u>Bushkill Township Police Department, Joshua Miller, and Michael McLouth</u>

Defendants Joshua A. Miller, Michael McLouth, and Bushkill Township

Police Department hereby move to dismiss this case:

### Plaintiff's Allegations

1.     Plaintiff claims that Joshua Gaycheck reported to the police that

Plaintiff was intoxicated and had assaulted Kerry Yeletskiy and her dog.

2.     According to Plaintiff, Officer Miller then pulled him over.

3.     According to Plaintiff, his wife Kerry Yeletskiy denied any assault and

denied that Plaintiff drank "to excess."

4.     Plaintiff does not allege how much he drank or whether he was, in fact,

above the legal blood alcohol limit to drive.

5.    Plaintiff claims that he was charged with DUI, but that the DUI charge was subsequently expunged.

6.    Plaintiff, in a conclusory fashion, alleges that he was arrested without probable cause as a result of an unconstitutional pattern and practice.

7.    Plaintiff further claims that he was later assaulted at the Northampton DUI Center.

## Motion to Dismiss

8.    Plaintiff's allegations are insufficient.

9.    This Court should dismiss the Complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."

10.    Initially, the Bushkill Township Police Department is not an entity subject to suit. *Keller v. F.D.A.*, 2018 U.S. Dist. LEXIS 185421, at *11 (E.D. Pa. Oct. 30, 2018).

11.    Further, the Complaint contains no allegations at all as to Chief McLouth.

12.    Even for Officer Miller, Plaintiff "was required to plead facts that make it plausible that [Officer Miller] lacked probable cause to arrest him." *Wheeler v. Wheeler*, 639 F. App'x 147, 150 (3d Cir. 2016).

13.    "[P]robable cause requires only a probability or substantial chance of criminal activity…" *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983).

14.    The Complaint does not allege facts that would defeat "a probability or substantial chance" that Plaintiff drove intoxicated. According to Plaintiff, one

witness accused him of driving drunk, and another (Plaintiff's wife) vaguely said Plaintiff didn't drink "to excess."

15.　　Plaintiff does not provide any information that would show that no reasonable officer would arrest him for DUI. Plaintiff does not, for example, indicate that he blew under .08 on a breathalyzer before his arrest or deny appearing intoxicated.

16.　　Chief McLouth and Officer Miller would be entitled to qualified immunity in any event because no clearly established law forbade their actions.

17.　　Plaintiff also does not plead favorable termination. Plaintiff vaguely alleges that his charges were expunged, but that is insufficient because of the reason for Plaintiff's expungement. Although not mentioned by Plaintiff, his charges were dismissed pursuant to Pennsylvania's Accelerated Rehabilitative Disposition (ARD) program.

18.　　This fact is fatal to his Fourth Amendment malicious prosecution claim. *Gilles v. Davis*, 427 F.3d 197, 211 (3d Cir. 2005); *Boldrini v. Ammerman*, 629 F. App'x 172, 175 n.4 (3d Cir. 2015); *Boldrini v. Wilson*, 542 F. App'x 152, 155 (3d Cir. 2013); *Bukovinsky v. Pennsylvania*, 455 F. App'x 163, 166 (3d Cir. 2011); *Fuchs v. Mercer Cty.*, 260 F. App'x 472, 474 (3d Cir. 2008); *Perez v. Vega*, 2019 U.S. Dist. LEXIS 34324, at *10 (E.D. Pa. Mar. 5, 2019); *Gallagher v. Green*, 2014 U.S. Dist. LEXIS 140740, at *32 (E.D. Pa. Oct. 2, 2014); *Garcia v. PSP*, 2011 U.S. Dist. LEXIS 118866, at *13 (E.D. Pa. Oct. 14, 2011); *Dennis v. DeJong*, 867 F. Supp. 2d 588, 646 (E.D. Pa. 2011). *See also Junod v. Bader,* 312 Pa. Super. 92, 97 (1983).

19.     Plaintiff's ARD is also fatal to his false arrest claim. *Keller v. F.D.A.*, 2018 U.S. Dist. LEXIS 185421, at *15 (E.D. Pa. Oct. 30, 2018) (Judge Smith) ("[T]he court cannot contemplate circumstances in which Keller could prevail on his false arrest claim, without also invalidating his entry into ARD for DUI.").

20.     Moreover, the Complaint suffers several additional defects.

21.     The use of force allegations should be dismissed against Bushkill, McLouth, and Miller.

22.     Plaintiff asserts a claim for "statutory damages" without citing any statute. This claim cannot stand as Defendants lack any notice of what statutory damages Plaintiff seeks.

23.     Plaintiff further alleges no threat of future harm that would entitle Plaintiff to the equitable relief he requests.

24.     Plaintiff also cannot obtain punitive damages directly against a municipality.

## Motion for More Definite Statement

25.     In the alternative, this Court should order Plaintiff to specify the reason for his expungement. Plaintiff vaguely alleges that his charge was expunged, but he fails to note the reason.

26.     Under Rule 12(f), "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

27.    This Court has broad discretion to grant such motions. *See Thomas v. Indep. Twp.*, 463 F.3d 285, 301 (3d Cir. 2006).

28.    In this case, if this Court does not dismiss the case, this Court should order Plaintiff to state the reason for his expungement.

29.    Plaintiff should not be able to avoid dismissal by simply dodging the issue. *See Stoneback v. ArtsQuest*, No. 12-3286, 2012 U.S. Dist. LEXIS 149897, at *30 (E.D. Pa. Oct. 17, 2012) ("While Plaintiff's complaint may not be unintelligible in the usual sense, the Court is mindful that a denial of Defendants' Motion for a More Definite Statement may lead to a motion to dismiss - and the motion to dismiss this claim may succeed, if not on any other basis, due to the very deficiency Defendants assert in their current motion."); *Mut. Indus. v. Am. Int'l Indus.*, 2011 U.S. Dist. LEXIS 117459, at *12 (E.D. Pa. Oct. 11, 2011) ("We find that the addition of the execution dates of the VNC Northeast Agreement and the VNC West Coast Agreement could significantly advance the litigation here, and such information is easily accessible by Plaintiff. Accordingly, we will grant Defendant's Motion to the extent that it requests Plaintiff to state the dates of execution of the VNC Northeast and VNC West Coast Agreements.").

For these reasons, this Court should dismiss this suit.

Respectfully submitted,

Lavery Law

s/Frank J. Lavery, Jr.
Pennsylvania Bar No. 42370

Date: April 2, 2019

s/Josh Autry
Pennsylvania Bar No. 208459
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
flavery@laverylaw.com
jautry@laverylaw.com
Attorneys for Defendants Miller,
McLouth, and Bushkill Township
Police Dept.