UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SERGEY YELETSKIY**<br>206 Monocacy Drive<br>Bath, PA 18014<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>**JOHN DOE 1**<br>Individual Capacity Only<br>C/O James C. Kostura<br>Director of Corrections<br>Northampton County Dept. of Corrections<br>666 Walnut Street<br>Easton, PA 18042<br><br>　　　And<br><br>**NORTHAMPTON COUNTY**<br>C/O James C. Kostura<br>Director of Corrections<br>Northampton County Dept. of Corrections<br>666 Walnut Street<br>Easton, PA 18042<br><br>　　　　　Defendants. | No.: 19-1328<br><br>**JURY OF TWELVE JURORS DEMANDED.** |

## FIRST AMENDED
## CIVIL ACTION COMPLAINT

**I.   JURISDICTION AND VENUE**

1.   Jurisdiction in this Honorable Court is based on violations of the United States Constitution and Federal law, actionable through 42 U.S.C. § 1983, as conveyed by 28 U.S.C. § 1331. Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367.

1

2. Venue appropriately lies in this District as the events giving rise to this action occurred herein.

## II. PARTIES

3. Plaintiff incorporates the prior paragraphs as if set forth at length herein.

4. Plaintiff, Sergey Yeletskiy, is an adult individual residing at the above-captioned address. At all material times, Plaintiff, Sergey Yeletskiy should have been afforded all rights and protections under the United States Constitution and Federal law, as well as the laws of the Commonwealth of Pennsylvania.

5. Defendant, John Doe 1, is a moniker / fictitious name for an individual currently unknown, but will be substituted when know, as liable herein for the reasons set forth below or inferred there from. Upon information and belief, Defendant, John Doe 1 was an employee of Defendant, Northampton County, specifically believed to be an employee of Defendant, Northampton County's Department of Corrections and/or Adult Probation on or about August 27, 2016 and was present in the Northampton D.U.I. Center.

6. Upon information and belief, the Northampton D.U.I. Center is located at or about 105 S. Union St, No. 3, Easton, PA 18042. Upon information and belief, the Northampton D.U.I. Center is administered and controlled by the Defendant, Northampton County, specifically, Defendant, Northampton County's Department of Corrections and/or Adult Probation.

7. Defendant, John Doe 1 is a Caucasian male, approximately thirty years of age with a muscular builder; approximately six feet tall, approximately 210 pounds; with dark hair (believed to be dark brown) and dark eyes (believed to be brown). On or about August 27, 2016, Defendant, John Doe 1 had a "5 O'clock Shadow" and was wearing a white-shirt, officer's uniform.

8. Defendant, Northampton County, is a governmental municipality with an office at the above-captioned address. Defendant, Northampton County is named herein for the *sole* purpose of discovery, specifically for the purpose of identifying its employee, Defendant, John Doe 1.

### III. OPERATIVE FACTS

9. Plaintiff incorporates the prior paragraphs as if set forth at length herein.

10. Plaintiff was born, raised, and educated in Uzbekistan; the English language is not Plaintiff's primary language. Although Plaintiff was highly-educated in Uzbekistan, Plaintiff has limited understanding of English and regularly looks up English words in the dictionary to understand them.

11. On or about August 27, 2016, Plaintiff, Sergey Yeletskiy was arrested by Non-Party, Joshua Miller, a police officer for Non-Party, Bushkill Township Police Department on suspicions of driving under the influence.

12. Non-Party, Joshua Miller did not effectuate a blood-alcohol content breathalyzer test on Plaintiff to confirm his suspicions that Plaintiff was driving under the influence.

13. Non-Party, Joshua Miller transported Plaintiff to the Northampton D.U.I. Center, leaving Plaintiff in the custody of Non-Party, Northampton County Department of Corrections.

14. While Plaintiff was being processed at the Northampton D.U.I. Center by employees of Defendant, Northampton County, Plaintiff was directed to sign a purported release providing Defendant, Northampton County permission to draw a blood sample from Plaintiff in order to establish Plaintiff's blood-alcohol content.

15. However, Plaintiff explained that he could not understand the language of the release, particularly as English is not his native language, and requested either an interpreter or an attorney prior to executing the release.

16. Non-Party, Northampton County Department of Corrections could not legally withdraw Plaintiff's blood without his authorization as a result of the United States Supreme Court's decision in *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016), as Non-Party, Northampton County Department of Corrections could have used the less intrusive method to determine Plaintiff's blood-alcohol content, i.e. a breathalyzer test.

17. Defendant, John Doe 1, who was present during the aforementioned communications, became increasingly frustrated with Plaintiff due to Plaintiff's demand that Plaintiff understand the language of the waiver before he executed it.

18. Eventually exasperated by Plaintiff's reasonable request for an interpreter or an attorney prior to executing the release, Defendant, John Doe 1 stood Plaintiff up after the remaining documentation was completed.

19. While standing behind Plaintiff, Defendant, John Doe 1 placed his hands on Plaintiff's shoulders, slowing pushing him forward towards the door as if to direct him out of the room.

20. However, as Plaintiff approached the doorway under Defendant, John Doe 1's custody and physical control, Defendant, John Doe 1, with his hands still on Plaintiff's shoulders, brutally shoved Plaintiff forward and into the frame of the doorway – causing Plaintiff's head to violently hit the frame of the doorway.

21. As a result, Plaintiff suffered a severe concussion; Plaintiff's head swelled, revealing a large contusion.

22. Defendant, John Doe 1 then lead Plaintiff to a taxi and released Plaintiff from the custody of Defendant, Northampton County.

23. Upon arriving home, Plaintiff's wife, Non-Party, Kerry Yeletskiy, took Plaintiff to the Lehigh Valley Hospital at Cedar Crest, where Plaintiff was diagnosed with a severe concussion as a result of Defendant, John Doe 1's unconstitutional brutality.

24. As a further result of Defendant, John Doe 1's unconstitutional brutality, Plaintiff continues to suffer headaches, frequent dizzy spells, and recurring bouts of depression; Plaintiff continues under the care of medical providers as a result.

25. As a further result of Defendant, John Doe 1's unconstitutional brutality, Plaintiff has incurred significant medical expenses, which Plaintiff continues to make monthly payments upon.

**IV.   COUNTS OF ACTION**

<u>**COUNT I**</u>
**Excessive Force Pursuant**
**Pursuant to 42 U.S.C. § 1983 & State Law**
*Plaintiff v. Defendant, John Doe 1*

26. Plaintiff incorporates the prior paragraphs as if set forth at length herein.

27. At all material times, Defendant, John Doe 1, as an employee of Non-Party, Northampton County, dressed in an white-shirt, officer's uniform, working within the scope of his duties, was acting under the color of state law.

28. Defendant, John Doe 1 violated Plaintiff's rights and protections afforded Plaintiff under the United States Constitution, Federal law, and the laws of the Commonwealth of Pennsylvania as:

   a. Defendant, John Doe 1 used force on Plaintiff that was clearly unreasonable, unnecessary, and excessive in light of the facts and circumstances known to Defendant, John Doe 1 at the time;

      b. Defendant, John Doe 1 knew that the force he used against Plaintiff presented a high risk of harm to Plaintiff; yet, Defendant, John Doe 1 recklessly disregarded Plaintiff's safety in using the aforedescribed, unreasonable, unnecessary, and excessive force;

      c. Defendant, John Doe 1's unreasonable, unnecessary, and excessive force against Plaintiff caused Plaintiff actual physical, emotional, and financial harm.

29. Defendant, John Doe 1 is not entitled to qualified immunity as every reasonable officer would have known that the force used by Defendant, John Doe 1 was a violation of Plaintiff's constitutional rights.

## COUNT II
### Assault & Battery
*Plaintiff v. Defendant, John Doe 1*

30. Plaintiff incorporates the prior paragraphs as if set forth at length herein.

31. Defendant, John Doe 1 intentionally acted to cause a harmful and/or offensive contact with Plaintiff by intentionally and brutally shoving Plaintiff, into the frame of a doorway.

32. Plaintiff was placed into immediate apprehension of the harm prior to violently colliding with the frame of a doorway.

33. As a direct result of Defendant, John Doe 1 intentional, unreasonable, unnecessary action, Plaintiff was caused to suffer a harmful and/or offensive contact – specifically violently being slammed into the frame of a doorway, head first.

34. Defendant, John Doe 1's intentional, unreasonable, unnecessary actions against Plaintiff caused Plaintiff actual physical, emotional, and financial harm

V. **PRAYER FOR RELIEF**

35. Plaintiff incorporates the prior paragraphs as if set forth at length herein.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendant, John Doe 1, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a. Statutory Damages under 42 U.S.C. § 1983;

    b. Punitive Damages;

    c. Compensatory Damages, including:

        i. Actual Damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, and emotional distress; and

    d. Attorneys' fees and expenses, costs of suit; and,

    e. Equitable relief.

| | Respectfully submitted, |
|---|---|
| **WEISBERG LAW** | **SCHAFKOPF LAW, LLC** |
| /s/ Matthew B. Weisberg | /s/ Gary Schafkopf |
| Matthew B. Weisberg | Gary Schafkopf |
| Attorney ID No. 85570 | Attorney ID No. 83362 |
| L. Anthony DiJiacomo, III | 11 Bala Ave |
| Attorney ID No. 321356 | Bala Cynwyd, PA 19004 |
| 7 South Morton Ave. 19070 | 610-664-5200 Ext 104 |
| Morton, PA | Fax: 888-238-1334 |
| 610-690-0801 | |
| Fax: 610-690-0880 | *Attorneys for Plaintiff* |

7

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SERGEY YELETSKIY** | : |
| v. | : No.: 19-1328 |
| **JOHN DOE 1**, et al. | : |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 6th day of June, 2019, a true and correct copy of the foregoing Plaintiff's First Amended Complaint was served via ECF upon all counsel of record.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg
Attorney ID No. 85570
L. Anthony DiJiacomo, III
Attorney ID No. 321356
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880

**SCHAFKOPF LAW, LLC**

/s/ Gary Schafkopf
Gary Schafkopf
Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334

*Attorneys for Plaintiff*